[Cite as *State v. Jones*, 2026-Ohio-2778.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2026-P-0005 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| LYNDEN A. JONES, | |
| Defendant-Appellant. | Trial Court No. 2021 CR 00453 |

## OPINION AND JUDGMENT ENTRY

Decided: July 20, 2026
Judgment: Affirmed

*Connie J. Lewandowski*, Portage County Prosecutor, and *Timothy P. Bogner*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Wesley C. Buchanan*, 50 South Main Street, Suite 625, Akron, OH 44308 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, Lynden A. Jones, appeals the judgment denying his request for jail-time credit. We affirm.

{¶2} In 2021, Jones was convicted of reckless homicide with a firearm specification and tampering with evidence. The trial court sentenced Jones to 36 months in prison on each charge and the specification, to be served consecutively, for a total of nine years in prison. In the sentencing entry, the trial court ordered that Jones "shall receive credit for the 115 days he has spent in the Portage County Jail in the above styled offense(s), as stipulated to on the record. This credit includes jail time up to the date of

sentencing and does not include any subsequent time awaiting conveyance to the reception facility." There is no indication as to where in the record a stipulation of jail-time credit may be located.

{¶3} Jones filed a direct appeal, and this court affirmed his convictions. *State v. Jones*, 2022-Ohio-3978, ¶ 2 (11th Dist.). He did not raise the issue of jail-time credit in his appeal.

{¶4} Thereafter, in 2024, Jones filed a motion for jail-time credit, stating, in relevant part:

> In this case, Defendant was arrested by the United States Marshal Service, in the State of Texas, on February 8, 2021, pursuant to a warrant issued by the Portage County Court of Common Pleas. Defendant was held at the Lake Travis County Jail, Lake Travis County, Texas and remained in the custody of the Lake Travis County Jail Sheriff for 94 days; until May 12, 2021, when he was extradited to Portage County, Ohio. Defendant was held at the Portage County Jail for 115 days, through all pretrial, plea and sentencing hearings; until September 4, 2021, when he was transported to the reception center to begin serving his sentence in this case. Upon arriving to the reception center, Defendant discovered the [Ohio Department of Rehabilitation and Correction] credited him with only 141 days of jail-time credit.

{¶5} The trial court denied the motion in an entry dated January 25, 2024, stating:

> This matter is before the Court upon Defendant's pro se motion for additional jail[-]time credit.
>
> Said motion is hereby denied. Defendant has received credit for all days he is entitled to from time spent in the Portage County Jail. He is not entitled to receive credit for time spent in Texas where he was arrested on the charges in the above case, prior to extradition.

{¶6} Jones did not appeal the January 25, 2024 judgment.

{¶7} In 2025, Jones again filed a motion for jail-time credit, to which he attached a supporting affidavit. In his motion and affidavit, Jones stated that he received only 141 days of jail-time credit, but he was held for 92 days in Texas before extradition to Ohio, where he spent another 145 days in custody as of October 3, 2021. Jones averred that he had made efforts to obtain records of confinement from the institutions where he was held, but he had not received a response. The trial court denied the motion in an entry dated July 31, 2025, stating:

> The Court finds this matter is before the Court on Defendant's pro se request for jail[-]time credit from Texas.
>
> Said motion is not well taken and is hereby denied. This request was ruled on by this court previously.

{¶8} Thereafter, Jones filed a delayed notice of appeal of the July 31, 2025 entry with leave of this court.

{¶9} In his sole assigned error, Jones argues:

{¶10} "The trial court erred as a matter of law by not giving Lynden the proper jail[-]time credit."

{¶11} R.C. 2929.19(B)(2)(g)(i) requires a sentencing court that imposes a prison term on an offender to:

> Determine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender as the offender's stated prison term or, if the offense is an offense for which a non-life felony indefinite prison term is imposed under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code, the minimum and maximum prison terms imposed on the offender as part of that non-life felony

Case No. 2026-P-0005

indefinite prison term, under section 2967.191 of the Revised Code. The court's calculation shall not include the number of days, if any, that the offender served in the custody of the department of rehabilitation and correction arising out of any prior offense for which the prisoner was convicted and sentenced.

{¶12} Pursuant to R.C. 2929.19(B)(2)(g)(iii):

The sentencing court retains continuing jurisdiction to correct *any error not previously raised at sentencing* in making a determination under division (B)(2)(g)(i) of this section. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may *in its discretion* grant or deny that motion. If the court changes the number of days in its determination or redetermination, the court shall cause the entry granting that change to be delivered to the department of rehabilitation and correction without delay. Sections 2931.15 and 2953.21 of the Revised Code do not apply to a motion made under this section.

(Emphasis added.) "It appears to be well-settled that credit is to be given for time spent awaiting extradition on the subject offense." *State v. Painter*, 2009-Ohio-4929, ¶ 28 (11th Dist.).

{¶13} "Although R.C. 2929.19(B)(2)(g)(iii) 'allows a defendant to raise an issue regarding his jail-time credit in a post-conviction motion,' he can do so 'only when the issue was not considered during the sentencing hearing. If an issue was raised and considered at the time the trial court rendered its original credit ruling, it cannot be asserted again in a motion for additional credit.'" *State v. Lacy*, 2021-Ohio-1776, ¶ 10 (11th Dist.), quoting *State v. Guiterres*, 2016-Ohio-5572, ¶ 15 (11th Dist.), citing *State v. Smith*, 2015-Ohio-4465, ¶ 9 (10th Dist.). "'Moreover, in moving for an additional credit, the defendant has the burden of demonstrating that their argument was not previously considered at sentencing.'" *Lacy* at ¶ 10 *Guiterres* at ¶ 15, citing *Smith* at ¶ 10.

Case No. 2026-P-0005

{¶14} Because R.C. 2929.19(B)(2)(g)(iii) provides the trial court with discretion to grant or deny a motion to correct jail-time credit, the court's ruling on the motion is reviewed for an abuse of discretion. *State v. McClafferty*, 2020-Ohio-3238, ¶ 32 (11th Dist.). "An abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal decision-making.'" *Id.*, quoting *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed.Rev. 2004).

{¶15} Here, Jones argues that the trial court erred as a matter of law in failing to credit him for the time he spent in pretrial confinement in Texas. However, Jones fails to recognize the provision in R.C. 2929.19(B)(2)(g)(iii), which states that the sentencing court has jurisdiction to correct a jail-time credit error "not previously raised at sentencing."

{¶16} Although Jones has made no attempt to meet his burden of demonstrating that this issue was not raised at sentencing, the record contains the sentencing transcript. Therein, during defense counsel's remarks, he acknowledged that charges were brought against Jones in Texas, but those charges were dismissed after further investigation and had not been refiled against him. Defense counsel then stated:

> [Jones] has been incarcerated for 211 days now on this matter.
>
> Obviously, not all of it in Ohio. As we were waiting for Texas to conduct their hearings and transport him back to Ohio -- or allow Ohio to come pick him up for those hearings.
>
> And he knows that there's going to be more days to follow, we're not saying that 211 days should satisfy everything.

{¶17} After announcing sentence, the trial court stated that it would credit Jones for the jail time he had served but did not specifically state the number of days of credit he would receive. As discussed above, in the sentencing entry, the trial court credited

Jones with 115 days as of the date of sentencing, and the issue of jail-time credit was not raised on direct appeal.

{¶18} Assuming, without deciding, that the reference to Jones' jail time in Texas was insufficient to constitute "rais[ing]" the issue at sentencing pursuant to R.C. 2929.19(B)(2)(g)(iii), we note that the trial court denied the motion for jail-time credit because it had previously ruled on the request. Thus, the trial court effectively denied the motion based on the doctrine of res judicata.

{¶19} "Prior to the enactment of R.C. 2929.19(B)(2)(g)(iii), an offender was able to seek correction of an error made in determining jail-time credit only on direct appeal." *State v. Smith*, 2017-Ohio-4124, ¶ 11 (11th Dist.), citing *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 2003-Ohio-2061, ¶ 10. "Motions to correct errors made in determining jail-time credit filed outside the time allowed for direct appeal were barred by the doctrine of res judicata." *Smith* at ¶ 11, citing *State v. Spillan*, 2006-Ohio-4788, ¶ 12 (10th Dist.). *See also State v. Ketterer*, 2010-Ohio-3831, ¶ 59 (Generally, "[r]es judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." (Citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.)).

{¶20} Since the enactment of "R.C. 2929.19(B)(2)(g)(iii), res judicata will not bar a motion to correct errors in jail-time credit filed after the time for appeal has passed; this, however, does not imply that res judicata is never applicable to such motions." *Smith* at ¶ 11. Instead, this court has applied the doctrine in instances where an appellant has filed successive motions for jail-time credit. *State v. Cretella*, 2018-Ohio-3245, ¶ 9 (11th Dist.); *State v. Watson*, 2017-Ohio-8631, ¶ 8 (11th Dist.).

Case No. 2026-P-0005

{¶21}  Here, as in *Watson* at ¶ 9, "[a]fter the trial court denied [Jones]'s first motion for additional jail-time credit, he had the opportunity to fully contest that decision in an appeal to this court. Therefore, res judicata bars him from raising the same issue in successive motions or in an appeal from one of those motions."

{¶22}  Accordingly, Jones's assigned error lacks merit.

{¶23}  The judgment is affirmed.


MATT LYNCH, P.J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2026-P-0005

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignment of error lacks merit. It is the judgment and order of this court that the judgment of the Portage County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
JUDGE EUGENE A. LUCCI


_____
PRESIDING JUDGE MATT LYNCH,
concurs


_____
JUDGE ROBERT J. PATTON,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2026-P-0005